Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| STEPHANIE I. ZAPATA<br>Apelada<br><br>v.<br><br>HARRY A. PAGÁN BERRÍOS<br>Apelante | KLAN202301050 | Apelación procedente del Tribunal de Primera Instancia, Sala Municipal de Corozal en Guayama<br><br>Caso Núm. PA2023CV00092<br><br>Sobre:<br>Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Jueza Aldebol Mora

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparece el señor Harry A. Pagán Berríos (señor Pagán Berríos o apelante), a través de un recurso de apelación, solicitando la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, (TPI), el 26 de octubre de 2023. Habiéndose anotado la rebeldía contra el apelante, el foro primario declaró *Con Lugar* la demanda presentada por la señora Stephanie I. Zapata (señora Zapata o apelada), concediendo los remedios solicitados por esta, referente a un proceso de liquidación de comunidad de bienes.

Sin embargo, el apelante acude ante nosotros esgrimiendo que la *Sentencia* aludida es nula, por cuanto no fue debidamente emplazado, es decir, que el TPI nunca llegó a adquirir jurisdicción sobre su persona. Tiene razón, procede revocar.

## I. Resumen del tracto procesal

El 5 de mayo de 2023, la señora Zapata incoó *Demanda* sobre liquidación de comunidad de bienes gananciales contra el señor Pagán Berríos. Esta adujo que mantuvo una relación consensual con el apelante, y que, durante la vigencia de esta, adquirieron un bien inmueble, en comunidad de bienes, con una participación de 50% para cada cual. Además, sostuvo que desde que se separó del señor Pagán Berríos, asumió el pagó del préstamo hipotecario referente al inmueble mencionado, por la cantidad mensual de $385.50. Al tenor de lo cual, solicitó: (1) liquidar la comunidad de bienes que constituyó con el apelante; (2) que se le reconociese el crédito correspondiente por los pagos realizados al préstamo del bien inmueble; y (3) se realizara un inventario y avalúo del bien inmueble para que sea liquidado conforme a derecho.

En el segundo inciso de la demanda bajo discusión, se afirmó que el señor Pagán Berríos; *es mayor de edad, soltero, empleado,* **con dirección postal en PO Box 1321, Patillas, Puerto Rico, 00723**[1]. (Énfasis provisto).

Luego, el 12 de julio de 2023, la apelada acudió nuevamente ante el TPI, presentando esta vez una *Solicitud de Anotación de Rebeldía y Remedio*. Allí aseveró haber emplazado al apelante conforme a las Reglas de Procedimiento Civil. Sin embargo, había transcurrido en exceso el término que disponía este para solicitar prórroga, o contestar la demanda, sin que llevara a cabo una o la otra, por lo cual, solicitó que se le anotara la rebeldía y se dieran por admitidas las alegaciones contenidas en la *Demanda.*

---

[1] Apéndice 1 del recurso de apelación, pág. 1.

En atención a lo cual, el 14 de julio de 2023, el TPI emitió una *Orden* declarando *Ha Lugar* la solicitud de la apelada y señalando *Vista en Rebeldía* a ser celebrada el 14 de agosto de 2023.

La *Vista en Rebeldía* fue celebrada según pautada, resultando en un dictamen favorable a la causa de acción presentada. Por tanto, el TPI le ordenó al señor Pagán Berríos satisfacer un crédito a la apelada de $10,080.67, y el reembolso futuro de 50% de todos los pagos realizados por la señora Zapata al préstamo hipotecario hasta la venta de la propiedad. También, ordenó que se liquidara la comunidad de bienes compuesta por las partes mediante la venta de la propiedad inmueble, comenzando su precio base en $110,000.00, o mejor oferta.

En lo pertinente a la controversia ante nuestra consideración, resaltamos que, en la *Sentencia* emitida se dejó plasmado que a la referida vista compareció la parte demandante-apelada, pero no el señor Pagán Berríos. Además, en la introducción de dicho dictamen el foro apelado reiteró que la parte demandada *fue emplazada conforme a las Reglas de Procedimiento Civil,* y, *transcurrido el término de la parte demandada para presentar la correspondiente Contestación a Demanda y/o alegación responsiva sin hacerlo, se le anotó la rebeldía*[2].

Posteriormente, el mismo foro apelado emitió una *Sentencia Enmendada*, a los únicos fines de incluir la firma de la Juez en el dictamen.

Es así como, en desacuerdo con la *Sentencia* aludida, el señor Pagán Berríos acude ante nosotros señalando la comisión de los siguientes errores por el foro apelado:

> LA SENTENCIA CUYA REVISIÓN AQUÍ SE SOLICITA DEBE SER REVOCADA, POR HABER SIDO EMITIDA EN VIOLACIÓN AL DEBI[DO] PROCESO DE LEY, AL NO HABER SIDO ACREDITADO EL DILIGENCIAMIENTO DEL EMPLAZAMIENTO CONFORME A DEREHO.

---

[2] Apéndice 8vo del recurso de apelación, pág. 13.

LA SENTENCIA CUYA REVISIÓN AQUÍ SE SOLICITA DEBE SER REVOCADA, POR HABER SIDO EMITIDA EN VIOLACIÓN AL DEBIDO PROCESO DE LEY, AL ANOTARLE LA REBELDÍA AL DEMANDADO SIN QUE SE LE NOTIFICARA EL ESCRITO EN QUE SE SOLICITÓ LA REBELDÍA, SIN QUE SE LE NOTIFICAR[A] LA DETERMINACIÓN ANOTANDO LA REBELDÍA, Y SIN QUE SE CITARA A LA VISTA EN REBELDÍA.

El 29 de noviembre de 2023 emitimos una *Resolución* permitiendo a la apelada presentar alegato en oposición, conforme lo provee la Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22. Transcurrido el término dispuesto sin que la apelada compareciera, hemos decidido dar el recurso como perfeccionado, por lo que estamos en posición para resolver.

## II. Exposición de Derecho

### A. Sobre la jurisdicción

a.

El término *jurisdicción* se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014).

Tanto los foros de instancia, como los foros apelativos, tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias presentadas ante su consideración, puesto, que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268; *Horizon Media v. Jta. Revisora, RA Holdings*, supra; *Shell Chemical v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Lo anterior responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. Incluso, nuestro Tribunal Supremo ha añadido, que evaluar los aspectos jurisdiccionales son parte de

nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del pleito. *Ruiz Camilo v. Trafon Group, Inc.*, supra; *Mun. San Sebastián v. QMC Telecom, O.G.P.*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). De aquí que, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo pues no tenemos discreción para asumir jurisdicción donde no la hay. *Mun. San Sebastián v. QMC*, supra; *Yumac Home v. Empresas Massó,* supra.

b.

Respecto a la jurisdicción sobre la persona o *in personam,* se refiere al poder o autoridad que tiene un tribunal para sujetar a una persona a una decisión obligatoria declarando sus respectivos derechos y obligaciones. *Cancel Rivera v. González Ruiz,* 200 DPR 319 (2018); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 702 (2012). Un tribunal adquiere jurisdicción del demandado de dos maneras; mediante el uso adecuado de las normas procesales de emplazamiento provistas en las Reglas de Procedimiento Civil y; a través de la sumisión voluntaria del demandado a la jurisdicción del tribunal, lo que puede ser de forma explícita o tácita. *Cirino González v. Adm. de Corrección,* 190 DPR 14, 29 (2014); *Márquez v. Barreto*, 143 DPR 137, 143 (1997).

Nuestro Alto foro ha expresado, que "[e]l concepto de jurisdicción *in personam* está inextricablemente atado al debido proceso de ley". *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 21 (1993). También, ha señalado que el tribunal, al ejercer su discreción de cómo proceder ante una alegación de falta de jurisdicción sobre la persona, *deberá balancear la necesidad de determinar la suficiencia de la defensa con prontitud para así evitar una costosa litigación y promover la rápida solución de la controversia contra la deseabilidad de que se celebre una vista*

*evidenciaria, para así poder tener ante sí todos los elementos para resolver lo relacionado con falta de jurisdicción sobre la persona. Molina v. Supermercado Amigo, Inc.*, 119 DPR 330, 337 (1987).

Por último, puntualizamos que cuando un tribunal efectúa un dictamen careciendo de jurisdicción sobre la materia o sobre la persona, su actuación u orden se considera nula. *López García v. López García*, 200 DPR 50 (2018); *First Bank of P.R. v. Inmob. Nac., Inc..*, 144 DPR 901, 913 (1998).

### B. El emplazamiento

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado de la existencia de una reclamación instada en su contra y se le requiere que comparezca para que formule su alegación responsiva. Es mediante su debido diligenciamiento, **que el tribunal adquiere jurisdicción sobre su persona para resolver el asunto.** (Énfasis provisto). *Cancel Rivera v. González Ruiz*, 200 DPR 319, 330 (2018); *Torres Zayas v. Montano Gómez*, 199 DPR 458, 467 (2017); *Global v. Salaam*, 164 DPR 474, 480 (2005). Este mecanismo tiene el propósito principal de notificar a la parte demandada de forma sucinta y sencilla que se ha presentado una acción en su contra, garantizándole la oportunidad de comparecer en el juicio, ser oído y presentar prueba a su favor. *Torres Zayas v. Montano Gómez,* supra; *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 682 (2012); *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005). Conforme lo anterior, no es hasta que se diligencie el emplazamiento y se adquiera jurisdicción, cuando la persona puede ser considerada propiamente parte, pues, aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. *Torres Zayas v. Montano Gómez,* supra*; Sánchez Rivera v. Malavé Rivera,* 192 DPR 854, 869 (2015).

Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Caribbean Orthopedics v. Medshape Inc.*, 207 DPR 994 (2021); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. *Íd.*

Los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R.4, y **su inobservancia priva al tribunal de su jurisdicción sobre la persona del demandado**. (Énfasis provisto). *Torres Zayas v. Montano,* supra, en la pág. 467; *Datiz Vélez v. Hospital Episcopal*, 163 DPR 10, 15 (2004). Tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 645 (2018); *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000). Así, las reglas disponen que al instar la acción en el tribunal "[l]a parte demandante presentará el formulario de emplazamiento conjuntamente con la demanda para su expedición inmediata por el Secretario del Tribunal". Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R.4.1. Una vez expedido el emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto**.** Regla 4.3 (c) de las de Procedimiento Civil, 32 LPRA Ap. V, R.4.3 (c).

Por otra parte, las mismas reglas procesales bajo discusión disponen que el emplazamiento y la demanda se diligenciarán conjuntamente *al entregar copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada, o haciéndola accesible en su inmediata presencia.* Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R.4.4. Esto es lo que se conoce como emplazamiento

personal el cual se lleva cabo mediante la entrega de la demanda y del emplazamiento al demandado. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 223. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencia **hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.** (Énfasis provisto). Regla 4.4 de Procedimiento Civil, *supra*.

A tales efectos, todo demandado tiene el derecho a ser emplazado *conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley. First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 916 (1998). El propósito de los requisitos prescritos en la Regla 4.4, *supra*, es dar aviso al demandado, primero, de la persona a quien se entregó el emplazamiento para que pueda determinar que se entregó a persona capacitada en derecho para recibirlo pues de lo contrario el emplazamiento es nulo y no confiere jurisdicción. *AFF v. Tribunal Superior, supra.*

Cabe resaltar que, *[D]e no cumplirse estrictamente con los requisitos para emplazar conforme a la ley o regla correspondiente, el tribunal estaría impedido de actuar sobre la persona del legitimado pasivo, es decir, que carecería de jurisdicción sobre su persona. Álvarez v. Arias,* 156 DPR 352, 366 (2002); *First Bank of P.R. v. Inmob. Nac. Inc.,* supra, en la pág. 913; *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997); *Peguero y otros v. Hernández Pellot,* 139 DPR 487, 494 (1995).

A tono con la citada jurisprudencia, el Tribunal Supremo ha señalado que, ***toda sentencia o dictamen de un tribunal en contra de un demandado que no ha sido emplazado o notificado conforme a derecho es inválido y no puede ser ejecutado.*** *Íd.* (Énfasis provisto).

**III. Aplicación del Derecho a los hechos**

Ambos señalamientos de error alzados por la parte apelante están íntimamente relacionados, constituyendo la solución del primero la base para disponer del segundo. Según adelantamos, el apelante asevera que el TPI incidió al emitir *Sentencia* en su contra, interviniendo un diligenciamiento de emplazamiento defectuoso, a través del cual no fue advertido del proceso en su contra. Es decir, el apelante aduce que el foro apelado nunca adquirió jurisdicción sobre su persona, a causa del emplazamiento defectuoso, por lo que la *Sentencia* emitida es nula.

Sobre lo anterior, ya hemos resaltado que la Regla 4.4 de Procedimiento Civil, *supra,* dispone que el emplazamiento personal es la entrega de la demanda y el emplazamiento al demandado. Asimismo, la misma regla dicta que, al hacer la entrega física de la demanda y el emplazamiento, la persona que lo diligencia **hará constar al dorso de la copia del emplazamiento** su firma, **la fecha**, **el lugar**, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. *Íd.* La inobservancia de estos requisitos priva de jurisdicción al tribunal sobre la persona del demandado. *Íd.*

Basta una sola mirada al emplazamiento que presuntamente se le entregó al apelante para percatarse de que incumple con los requerimientos mínimos establecidos por la Regla de Procedimiento Civil citada, para que se tenga como efectivo al momento de determinar si se adquirió jurisdicción sobre la persona emplazada[3]. En este sentido, el diligenciante, señor William A. Rodríguez Torres, no precisó al dorso del

---

[3] Anejo 5 del recurso de apelación, págs. 9-10.

emplazamiento la dirección física en donde presuntamente emplazó al apelante. El examen del documento bajo discusión revela que, en la sección del formulario dispuesta para *el emplazamiento a persona particular*, se encuentra un encasillado reservado para el emplazamiento por entrega personal, donde **se exige que se provea una dirección física sobre el lugar donde aconteció tal acto**. Sin embargo, aunque el encasillado provisto para tal fin fue marcado, **no** se proveyó dirección física alguna, ni constancia sobre el lugar en donde supuestamente fue emplazado el apelante. El espacio destinado en dicho formulario para proveer la dirección física donde supuestamente fue emplazado el apelante fue ocupado con el nombre de este. Es decir, del documento que está supuesto a informar al Tribunal sobre dónde presuntamente fue emplazado personalmente el apelante, no surge dato alguno que ayude a constatar que, en efecto, fuera entregado al apelante en un lugar cierto. No conforme con esta falta, además, **la fecha del diligenciamiento aparece tachada y modificada en manuscrito en el formulario, cambiando el mes en que, presuntamente, se entregó el emplazamiento**.

En definitiva, el dorso de la copia del emplazamiento revela craso incumplimiento con los requerimientos dimanantes de la Regla 4.4 de Procedimiento Civil, supra, que resultaban necesarios para colocar en posición al tribunal de determinar si, efectivamente, la parte demandada fue emplazada, y entonces poder asumir jurisdicción sobre este. Por tanto, no podemos avalar la afirmación del foro apelado en términos de que *la parte demandada fue emplazada conforme a las Reglas de Procedimiento Civil[4]*, sino que, al contrario, concluimos que no fueron cumplidos los requisitos mínimos reglamentarios para establecer el

---

[4] Apéndice 10 del recurso de apelación, pág. 17.

emplazamiento personal del apelante, teniendo como resultado la falta de jurisdicción sobre su persona.

De lo anterior se sigue que, no habiendo adquirido jurisdicción el TPI sobre la persona del apelante, por causa de intervenir un emplazamiento defectuoso, ni apreciando nosotros que el apelante se hubiese sometido voluntariamente de alguna manera a la jurisdicción de dicho foro, los dictámenes hasta aquí hechos en contra del señor Pagán Berríos han de tenerse por nulos. Así, no tiene efecto alguno la anotación de rebeldía, ni la *Sentencia* en rebeldía apelada. T*oda sentencia o dictamen de un tribunal en contra de un demandado que **no ha sido emplazado o notificado conforme a derecho es inválido y no puede ser ejecutado**. Íd.* (Énfasis nuestro). *Álvarez v. Arias,* supra.

## IV. Parte dispositiva

Por los fundamentos expuestos, *revocamos* la *Sentencia* apelada, pues el Tribunal de Primera Instancia no adquirió jurisdicción sobre la persona del apelante, al intervenir un emplazamiento defectuoso.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones